IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| BORA TAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-1327-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| THE STATE OF OREGON, a municipal | ) | |
| corporation; and DEBORAH WIMER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Daniel Snyder
Matthew Lackey
1000 S. W. Broadway, Suite 2400
Portland, Oregon  97205

     Attorneys for Plaintiff

Hardy Myers
Attorney General
Kenneth C. Crowley
Department of Justice
1162 Court Street N. E.
Salem, Oregon  97301-4096

     Attorneys for Defendant

KING, Judge:

Plaintiff Bora Tan alleges claims against the State of Oregon and her supervisor, Deborah Wimer, which arose from Tan's employment with the Department of Human Services. Defendants contend that Tan's claims for compensatory damages are barred by issue preclusion based on the ruling in Tan's workers' compensation stress claim. Before the court is Defendants' Motion for Partial Summary Judgment against Plaintiff's Compensatory Damages Claim (#26). For the reasons below, I deny the motion.

## FACTS

Bora Tan is employed by the Oregon Department of Human Services, Child Welfare Office. She was born in Cambodia and is of Asian descent. Defendant Deborah Wimer is Tan's office manager. Tan alleges that she was discriminated against because of her race and national origin and for taking family medical leave. She alleges that Wimer is responsible for much of the discriminatory conduct.

On July 31, 2007, Tan filed a SAIF claim for an injury she described as anxiety. After SAIF denied the claim, Tan had an evidentiary hearing before the Workers' Compensation Board. The ALJ affirmed SAIF's denial on March 11, 2008. In the opinion, the ALJ noted that the only medical causation opinion in the record supporting the compensability of Tan's claimed anxiety condition was from Dr. Nguyen, who started treating Tan in August 2007. The ALJ stated that Dr. Nguyen's chart notes were not in the record so the ALJ could not determine if Dr. Nguyen was aware that Tan sought treatment for fatigue due to stress in March 2005, complained in February 2006 of increased stress dealing with her daughter, and had survived horrific conditions in Cambodia.

Page 2 - OPINION AND ORDER

> If he [Dr. Nguyen] was aware of those things, he offered no explanation for his ultimate opinion that stress from work was the only cause for claimant's anxiety condition. Under such circumstances, I find Dr. Nguyen's opinion legally insufficient to establish the compensability of the claimed anxiety condition.

Crowley Aff. Ex. 6 at 5.

Tan alleges claims under the family medical leave acts; for race and national origin discrimination in the form of disparate treatment, a hostile work environment, and retaliation under Title VII, ORS 659A, and 42 U.S.C. § 1981; and for violation of several constitutional rights under 42 U.S.C. § 1983. She seeks damages for emotional distress in her discrimination and constitutional claims.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

Defendants argue that Tan's claim for compensatory damages is barred by issue preclusion because she litigated the exact same issue in her workers' compensation hearing. Defendants interpret the ALJ's opinion to mean that Tan failed to prove that her supervisor

caused her emotional distress.  Tan argues that the issues are not the same and notes the different

burdens of proof in the two forums.

Federal courts give a state agency's fact-finding and legal determinations the same

preclusive effect to which they would be entitled in that state's courts if:  (1) the agency acted in

a judicial capacity to resolve disputed issues of fact and law that were properly before it; and (2)

the parties had an adequate opportunity to litigate those issues.  Olson v. Morris, 188 F.3d 1083,

1086 (9th Cir. 1999) (Arizona Board of Psychologist Examiners' revocation of plaintiff's license

given preclusive effect in subsequent federal court action in which plaintiff raised § 1983 claims

against the Board for deprivation of religious freedom, equal protection, and due process).

Under Oregon law, issue preclusion can occur if five requirements are met:  (1) the issue

in the two proceedings is identical; (2) the issue was actually litigated and was essential to a final

decision on the merits in the prior proceeding; (3) the party to be precluded had a full and fair

opportunity to be heard on that issue; (4) the party to be precluded was a party or was in privity

with a party in the prior proceeding; and (5) the prior proceeding was the type to which the court

will give preclusive effect.  Nelson v. Emerald People's Utility District, 318 Or. 99, 104, 862

P.2d 1293 (1993) (internal quotation and citation omitted).

A mental disorder is not compensable under Oregon's workers' compensation laws

unless the employee establishes several factors, two of which are particularly relevant here.  First,

the employee must establish that there is a "diagnosis of a mental or emotional disorder which is

generally recognized in the medical or psychological community."  ORS 656.802(3)(c).  Second,

the employee must also establish by clear and convincing evidence that "the mental disorder

arose out of and in the course of employment."  ORS 656.802(3)(d).

In contrast, Tan does not need to prove a diagnosis of a mental or emotional disorder to be awarded emotional distress damages for her claims before this court.  Moreover, Tan does not need to prove that her emotional distress arose out of her employment under a clear and convincing evidence standard.  Her burden in this court is to prove emotional distress by the lesser standard of a preponderance of the evidence.  Thus, her failure to prove causation to the ALJ should not have a preclusive effect here.

Issue preclusion does not apply in some circumstances when the burdens of proof differ between the two proceedings.  In re Robert Neil Gygi, 273 Or. 443, 448, 541 P.2d 1392 (1975) (no preclusion if the party against whom preclusion is sought had a significantly heavier burden of persuasion in the first action, or the burden shifted to his adversary, or the adversary has a significantly heavier burden than he had in the first action).

I reviewed Scott v. Sears, Roebuck and Co., 395 F. Supp. 2d 961, 970 (D. Or. 2005), and its conclusion that issue preclusion could be used on a factual finding from a workers' compensation hearing that the claimant could not relitigate whether she knew on a specific date that her job was in jeopardy.  Scott is distinguishable because it applied preclusion to an underlying factual finding rather than to whether the mental disorder arose from the employment.  Moreover, the case on which Scott relies, Stanich v. Precision Body and Paint, Inc., 151 Or. App. 446, 950 P.2d 328 (1997), did not discuss issue preclusion at all.  Thus, I am not persuaded that the general rule in Gygi does not apply here.

In sum, defendants have not proven that the issue in this case and the workers' compensation hearing are identical.  Thus, issue preclusion does not apply.

**CONCLUSION**

Defendants' Motion for Partial Summary Judgment against Plaintiff's Compensatory

Damages Claim (#26) is denied.

IT IS SO ORDERED.

Dated this _____20th_____ day of August, 2008.


                                        __/s/ Garr M. King_____
                                        Garr M. King
                                        United States District Judge